UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'  JS-6

| Case No. | 2:14-cv-04547-CAS(RZx) | Date | September 23, 2014 |
|---|---|---|---|
| Title | ROBERT GARBER V. UNITED STATES OF AMERICA | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:** (IN CHAMBERS): DEFENDANT'S MOTION TO DISMISS (Filed 06/19/2014)[7]

PLAINTIFF'S MOTION TO REMAND (Filed 07/14/2014)[9]

## I.   INTRODUCTION & BACKGROUND

On April 1, 2014, *pro se* plaintiff Robert Gerber filed this action in Small Claims Court of the Superior Court for the County of Los Angeles against Northeast Valley Health Corporation ("NVHC") and Dr. Roland Geidraitis, seeking to recover $10,000 for allegedly negligent dental treatment. Dkt. 1, Ex. A. The complaint alleged that NVHC and Giedraitis had failed to properly diagnose and treat plaintiff's dental issues, beginning in November 2013 and continuing to the present. Id.

On June 12, 2012 the United States removed this action on behalf of NVHC and Giedraitis, on the grounds that—at the time the alleged negligence occurred in 2013—both were deemed to be federal employees acting within the course and scope of employment with the United States Public Health Service pursuant to 42 U.S.C. § 233(g) and 28 U.S.C. §§ 1441 & 2679(d)(2). Dkt. 1. Upon motion by the United States, the Court issued an order substituting the United States as the defendant in this action. Dkts. 5,6.

On June 19, 2014, the United States filed a motion to dismiss for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). Dkt. 7. The United States argued that plaintiff had not complied with the procedures set forth in the Federal Tort Claims Act, 28 U.S.C. §§ 1346 & 2671, *et seq.* ("FTCA"), which requires that a plaintiff present his claim in writing to the U.S. Department of Health and Human

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'  JS-6

| Case No. | 2:14-cv-04547-CAS(RZx) | Date | September 23, 2014 |
|---|---|---|---|
| Title | ROBERT GARBER V. UNITED STATES OF AMERICA | | |

Services as a predicate to the Court's exercise of jurisdiction.  Mot. Dism. at 4.  In support of its motion, the United States submitted documentation confirming that NVHC and Geidraitis had been deemed to be federal employees during the years 2012, 2013, and 2014.  Mot. Dism., Decl. Meredith Torres ¶¶ 5-6, Ex. 1.

Although plaintiff did not oppose the United States' motion to dismiss, plaintiff filed a motion to remand the action to state court July 14, 2014.  Dkt. 9.  In that motion, plaintiff expounded upon his claim for negligence, clarifying that the alleged negligence actually occurred in 2011—not 2013, as plaintiff alleged in his complaint.  Mot. Remand at 2-3.  Plaintiff asserted that NVHC and Giedraitis were not deemed to be federal employees in 2011 and, accordingly, federal jurisdiction was improper.  Id. at 5-6.  The United States opposed this motion on July 24, 2014, re-asserting that NVHC and Giedraitis were deemed to be federal employees in 2013.  Dkt. 10.[1]

On September 8, 2014, the Court held a hearing.  Dkt. 15.  At the hearing, plaintiff reiterated his contention that the alleged negligence occurred in 2011, a time period for which the United States had not presented evidence of deeming.  In light of this, the Court ordered supplemental briefing.  The Court also strongly encouraged plaintiff to visit the pro se clinic in the Courthouse.  Id.

On September 15, 2014, the United States filed supplemental briefing.  Dkt. 16.  This briefing confirmed that NVHC and Giedraitis were deemed to be federal employees during the year 2011.  Id., Decl. Sekret Sneed, Ex. A.  Plaintiff has not responded.[2]

## II. LEGAL STANDARD & DISCUSSION

In light of the United States' supplemental briefing, the Court finds that it lacks subject matter jurisdiction over plaintiff's claims.  McCarthy v. United States, 850 F.2d

---

[1] On August 4, 2014, plaintiff also requested joinder of Dr. Grace Hardy, an employee of NVHC, as a co-defendant.  Dkt. 12.  However, to the extent that plaintiff purports to add Hardy, in her individual capacity, to this suit, it appears as though Hardy has not been properly served with the summons and complaint.  See Dkt. 16.

[2] At the September 8, 2014 hearing, the Court ordered plaintiff to submit supplemental briefing no later than September 22, 2014.  Dkt. 15.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'  JS-6

| Case No. | 2:14-cv-04547-CAS(RZx) | Date | September 23, 2014 |
|---|---|---|---|
| Title | ROBERT GARBER V. UNITED STATES OF AMERICA | | |

558, 560 (9th Cir. 1988) ("[W]hen considering a motion to dismiss pursuant to Rule 12(b)(1) the district court is not restricted to the face of the pleadings, but may review any evidence, such as affidavits and testimony, to resolve factual disputes concerning the existence of jurisdiction.").

The United States only may be sued to the extent that it has waived its sovereign immunity. United States v. Orleans, 425 U.S. 807, 814 (1976). Under the FTCA, the United States has consented to be sued for personal injury claims arising out of the performance of medical, surgical, dental or related functions by employees of the U.S. Public Health Service. 28 U.S.C. § 2679; 42 U.S.C. § 233(a). As a condition of that waiver of sovereign immunity, the FTCA requires that an individual seeking to recover damages from the United States present written notice of his claims to the appropriate government agency and exhaust such claims with that agency. See 28 U.S.C. § 2675(a) ("An action shall not be instituted upon a claim against the United States for money damages . . . unless the claimant shall first have presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing . . . ."). Consequently, "a district court cannot exercise subject matter jurisdiction over an action brought pursuant to the FTCA unless the plaintiff shall have first presented the claim to the appropriate Federal agency." Blair v. IRS, 304 F.3d 861, 863-864 (9th Cir. 2002) (citations and quotations omitted).

Here, plaintiff has not filed an administrative claim with the U.S. Department of Health and Human Services. Mot. Dism. 5, Torres Decl., ¶¶ 2-4. Because plaintiff has not complied with the requirements set forth in the FTCA, this Court lacks subject matter jurisdiction over plaintiff's claims. Accordingly, the Court GRANTS the United States' motion to dismiss.

Moreover, pursuant to 28 U.S.C. § 1346(b)(1), federal district courts have exclusive jurisdiction over FTCA actions. 28 U.S.C.A. § 1346(b)(1) ("[T]he district courts . . . shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages . . . for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment . . ."). Accordingly, plaintiff's motion to remand is DENIED.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**           'O'   JS-6

| Case No. | 2:14-cv-04547-CAS(RZx) | Date | September 23, 2014 |
|---|---|---|---|
| Title | ROBERT GARBER V. UNITED STATES OF AMERICA | | |

## III.   CONCLUSION

In accordance with the foregoing, the Court GRANTS the United States' motion to dismiss and DENIES plaintiff's motion to remand.

IT IS SO ORDERED.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |